■ In the Matter of MALCOLM P. MCLEAN et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which, *inter alia,* provided that petitioners were entitled to a discount on the closing price of certain stock for purposes of gift valuation. Petitioners are husband and wife who seek a redetermination, pursuant to section 689 of the Tax Law, of a deficiency assessed on gifts made in two quarters of 1972. Petitioner Malcolm McLean, on each of two dates, made a gift of 20,000 shares of R. J. Reynolds Industries, Inc. (Reynolds) convertible preferred capital stock in trust for the benefit of a child. Petitioners elected to split the gifts, reporting them as though one half had been made by each. The miscellaneous tax bureau gave notice to each petitioner that each owed deficiencies of $4,683 and $6,994.87. Petitioner Malcolm McLean is a large shareholder in Reynolds, having acquired over 3,500,000 shares in the corporation as a result of a merger agreement. These shares of stock are subject to restrictions pursuant to rule 133 of the General Rules and Regulations of the Securities and Exchange Commission under the Securities Act of 1933 (17 CFR 230.133), and remain so subject when merely transferred as a gift. Petitioners discounted the New York Stock Exchange closing price for the subject stock by 10% to reflect the effect these restrictions have on the marketability of the stock. However, the miscellaneous tax bureau made no allowance for these transfer restrictions, valuing the gifts higher than petitioners. Petitioners requested a formal hearing at which they produced two expert opinions from two investment firms as to the value of the stock and also letters from the trustee indicating that the stock is not for sale. Respondent issued a decision holding, *inter alia,* that petitioners were entitled to a discount because of the transfer restrictions imposed. It directed the audit division to determine the reasonable cost to remove the statutory transfer restrictions stating that this deduction was "not to exceed 10% of the closing price of the Reynolds stock". The audit division apparently has not, as of yet, made such determination. Petitioners commenced this proceeding to remove the limitation which respondent placed on the deduction. The State Tax Commission's determination that petitioners are entitled to a discount based on the reasonable expenses necessary to remove the statutory transfer restrictions on the gifts of the shares of stock is not supported by substantial evidence. The record contains nothing to support the conclusion made by respondent that the proper measure of the effect of the restrictions on the stock's value is a deduction equal to the cost necessary to remove them. Similarly lacking is any factual support for respondent's conclusion that the reasonable costs for removing those restrictions cannot exceed 10% of the stock's closing price on the New York Stock Exchange. The determination of the State Tax Commission should, therefore, be annulled and the matter remitted for further proceedings not inconsistent herewith. Under section 1009 of the Tax Law, where a gift is made in property, the value thereof at the date of the gift is considered the amount of

the gift. Upon remittal, respondent should determine the highest value at which the stock could have been sold on the valuation dates, whether that be the value of the stock subject to the restrictions, as submitted by the petitioners, or without them less the cost of removing the same, or as determined by some other method. A statement of the applicable principles is set forth in *Bull v Smith* (119 F2d 490, 492). As must be done by petitioners in all proceedings before the Tax Commission (Tax Law, § 689, subd [e]), the instant petitioners have sustained their burden of proof in establishing that the amount claimed as a deficiency is improper by the evidence submitted at the hearing before the commission concerning the restrictions. Inherent in respondent's decision is the determination that the trustee's promise not to resell the stock was not proven to be binding. This conclusion is supported by substantial evidence in that some of the stock was, in fact, resold and that the condition is not shown to be supported by any consideration. As there is no authority for awarding petitioners attorneys' fees on this proceeding, their request therefor is denied. We find it unnecessary to reach any other issue. Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.